JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH ROSE,<br><br>            Plaintiff,<br><br>    v.<br><br>HOLLY BOYER, *et al.*,<br><br>            Defendants. | Case No. 2:25-cv-11653-CV (ADS)<br><br>**ORDER RE PLAINTIFF'S UNTIMELY OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, PLAINTIFF'S MOTION FOR REASSIGNMENT, AND ORDER CLOSING CASE**<br><br>**[DOC. ## 12, 13, 15]** |

On December 10, 2025, the magistrate judge assigned to this case issued a Report and Recommendation on Plaintiff's Request for Proceed In Forma Pauperis. Doc. # 5, "R&R"). The R&R found that that Plaintiff Joseph Rose's ("Plaintiff") In Forma Pauperis request was incomplete and insufficient to determine whether he was able to prepay the full filing fee. The R&R also noted that the court lacks jurisdiction over Plaintiff's claims, that Plaintiff had failed to state a claim, and that granting leave to amend would be futile. *Id*.

1

After the issuance of the R&R, Plaintiff filed several other documents related to the R&R and his objections thereto. Doc. ## 8–10, 12, 13, 15.

On January 8, 2026, this Court accepted the findings of the R&R, overruled certain objections made by Plaintiff that had been received at time of drafting the order, and dismissed Plaintiff's Complaint in its entirety without leave to amend. Doc. # 14. The Court dismissed Plaintiff's federal claims 1–4 with prejudice and Plaintiff's state claims 5–9 without prejudice. *Id.*

Some of Plaintiff's filings were not docketed when the Court issued its January 8, 2026 Order. Plaintiff was not entitled to file written objections to a report and recommendation that his in forma pauperis motion be denied. *See Minetti v. Port of Seattle*, 152 F.3d 1113, 1114 (9th Cir. 1998), *as amended* (Sept. 9, 1998). And to the extent Plaintiff was permitted to raise objections to the R&R, his deadline to file objections was December 24, 2025. *See* Fed. R. Civ. P. 72.

Nonetheless, the Court has reviewed each of Plaintiff's filings in this case and finds that none require a deviation from the Court's January 8, 2026 Order.

Plaintiff has not identified a proper basis for the reassignment or disqualification of the assigned magistrate judge. He identifies no basis for recusal or disqualification under 28 U.S.C. §§ 144 or 455, which require an extrajudicial source of bias such that a reasonable person would question the judge's impartiality; adverse or even repeated judicial rulings are insufficient as a matter of law. *United States v. Hernandez*, 109 F.3d 1450, 1453–54 (9th Cir. 1997); *Liteky v. United States*, 510 U.S. 540, 554–55 (1994). Accordingly, Plaintiff's Motion for Reassignment (Doc. # 13) and Plaintiff's Supplemental Motion for Reassignment (Doc. # 15) are DENIED.

The Court has reviewed Plaintiffs' Objections to the R&R (Doc. ## 12) and all other filings in this case and construed them as objections to the R&R. The Court has engaged in a *de novo* review of those portions of the R&R to which Plaintiff's objections were made. The Court OVERRULES Plaintiff's objections and reaffirms its January 8, 2026 findings accepting the R&R: Plaintiff's Complaint is DISMSISED

its entirety WITHOUT LEAVE TO AMEND. Doc. # 14. Plaintiff's claims 1–4 are DISMISED WITH PREJUDICE and Plaintiff's claims 5–9 are DISMISSED WITHOUT PREJUDICE.

The clerk is directed to close the case.

**IT IS SO ORDERED**.

Dated: 1/9/26

*Cynthia Valenzuela*
HON. CYNTHIA VALENZUELA
UNITED STATES DISTRICT JUDGE

3